UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE ALLEN ROBERTS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>NORWALK SUPERIOR COURT,<br><br>　　　　Respondent. | CASE NO. CV 10-8302-PSG (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

On November 2, 2010, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), seeking to challenge a June 2010 state court conviction and sentence. (Petition at 2.) Although difficult to decipher, the Petition appears to contend that his admission of a "strike" prior under California's Three Strikes law was unconstitutional and his subsequent sentence unlawful. (Petition, Attached Statement of Facts.)

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law governing habeas

petitions provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).  A district court may raise a failure to exhaust *sua sponte*.  *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

In his Petition, Petitioner does not allege that he has presented his claim for relief to the California Supreme Court.  Further, a check of the California Appellate Courts internet website show that the only filing since June 2010 is still pending in the California Supreme Court. (*See* California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov/ (case no. S186972).)  Thus, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

1      IT IS THEREFORE ORDERED that, no later than December 10, 2010,
2 Petitioner shall inform the Court in writing why this case should not
3 be dismissed for failure to exhaust.  Failure to timely file a
4 response will result in a recommendation that this case be dismissed.
5      DATED:    November 18, 2010.

                               /s/ Patrick J. Walsh
                          PATRICK J. WALSH
                          UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-State Habeas\ROBERTS, B 8302\OSC dismiss pet.wpd